### HAMMANN v. JORDAN.

(*Superior Court of New York City, General Term.* March 4, 1890.)

PARTY-WALLS—CHARACTERISTICS.

In the absence of a special agreement or controlling custom providing otherwise, it is an essential characteristic of a party-wall that it should be capable of substantially similar use by each of the adjoining owners.

Exceptions from jury term.

Action by Valentine Hammann against Richard Jordan, to recover $741.16, the contract price for the half of a party-wall situated on the lands of the parties. The contract was as follows: "Whereas, Richard Jordan is the owner of the premises No. 29 Charles street, easterly adjoining; and whereas, the said Valentine Hammann·is about to erect a wall to stand equally upon and between the said premises No. 29 and 31 Charles St., of the length of 78 feet, more or less: Now, therefore, in consideration of the sum of one dollar to Richard Jordan in hand paid by the said Valentine Hammann, the receipt whereof is hereby acknowledged, the said Richard Jordan doth for himself, his heirs, executors, administrators, and assigns, covenant, promise, and agree that he, the said Valentine Hammann, may freely erect upon the premises of the said Richard Jordan the one-half part of the said wall, or so much thereof as the said Valentine Hammann or his heirs may desire as a party-wall, to be continued and used as such forever; and the said Jordan doth hereby covenant, agree, and promise for himself, his heirs, etc., that whenever he, the said Jordan, his heirs or assigns, shall desire to make use of the said party-wall in the erection of any building on his said premises, he will pay to the said Valentine Hammann, or to his legal representatives, the sum of $741.16, being the one-half of the sum to be expended in the erection of the said party-wall." Defendant denied that the wall built by plaintiff was a party-wall, or that defendant had made use of it as such; and counter-claimed for the use and occupation of his land on which the wall stood as built, and for the cost of the extra walls he was compelled to build by reason of defects in the alleged party-wall. The court directed a verdict for plaintiff; the case to go to the general term in the first instance.

Argued before TRUAX and DUGRO, JJ.

*Jacob F. Miller*, for plaintiff. *A. Britton Havens*, for defendant.

DUGRO, J. There is preponderance of evidence that the wall built by the plaintiff is not such a one as is referred to in the agreement. The evidence rather tends to show that it is not, in that it seems the wall is not capable of substantially similar use by each of the adjoining owners. This capability is an essential characteristic of a party-wall, in the absence of a special agreement or controlling custom providing otherwise. The defendant agreed to pay upon the use of the party-wall referred to in the agreement. The direction of a verdict for the plaintiff was error. The exception thereto must be sustained, and a new trial ordered, with costs to abide the event.